## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL L. EBERSOLE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. CCB-06-2726 |
| ALBERTO GONZALES, *et al*. | : | |
| Defendants | : | |

o0o

### MEMORANDUM

Pending in the above-captioned case is defendants' motion to dismiss or for summary judgment. Paper No. 26. Plaintiff has filed a response in opposition to the motion. Paper No. 33. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons set forth below, defendants' motion, construed as a motion for summary judgment, shall be granted.

### Background

The allegations raised in this complaint are identical to those raised in a previously-filed action, summarized by this court as follows:

> Plaintiff, an inmate at Federal Correctional Institution in Cumberland (FCI-Cumberland), alleges he was improperly denied access to the courts by prison officials. Paper No. 1. He claims that he was wrongfully accused of being involved in a fight with another inmate on November 21, 2005, but was not cleared of all wrongdoing until December 14, 2005. *Id*. Between November 21, 2005, and December 14, 2005, plaintiff was housed in the Special Housing Unit (SHU) due to the disciplinary charges pending against him. At that time plaintiff's appeal to the Fourth Circuit Court of Appeals was due on December 20, 2005. *Id*.

> Plaintiff was represented by counsel in his appeal, and on November 21, 2005, his attorney requested an extension of time to file the appellate brief. Plaintiff asserts he was unaware of the request until November 28, 2005. Nevertheless, plaintiff submitted requests for permission to go to the SHU law library on November 29 and 30, 2005. His requests were made in the form of handwritten notes placed in the door of his cell, as instructed by correctional officers working in the area. He claims

that none of the written requests were retrieved and he was not permitted to go to the law library. Plaintiff describes his efforts to gain access to the law library as horrific and claims all requests were ignored. He further states that on July 13, 2006, the Fourth Circuit rejected his request to expand or modify his second direct appeal to include "post-Booker[1] legal arguments." Plaintiff provides a copy of the decision issued by the Fourth Circuit which states that plaintiff's *Booker* claim was foreclosed by the court's decision in *United States v. Davenport*, 445 F. 3d 366, 369 – 70 (4th Cir. 2006) (rejecting ex post facto challenge to retroactive application of *Booker*). Plaintiff asserts that upon learning that his appeal was rejected, he filed an administrative remedy requesting that the damages he suffered be redressed by placing him in a community correction center for the rest of his term of incarceration.

Plaintiff claims that he filed a request for administrative remedy on December 28, 2005, which was "perfectly executed." He states that, despite his compliance with applicable regulations, the request was rejected on January 3, 2006, with instructions to detach exhibits and resubmit the complaint that day. Plaintiff complied with the instructions, but alleges that the complaint, which was placed in a staff mailbox, was never processed. He alleges that he waited approximately 20 days and discovered that the complaint was never received in the warden's office. He speculates that the complaint was deliberately misdirected.

Plaintiff alleges he had a meeting with Steven Finger on March 2, 2006, to discuss his missing complaint. Upon telling Mr. Finger that he wanted staff members who were responsible to be fired, three of his administrative remedy requests were dismissed as time-barred. He claims he then filed an administrative remedy complaint on March 17, 2006, regarding his allegation that Mr. Finger severed his access to the administrative remedy process, but the request was rejected.

Finally, plaintiff claims that Unit Manager Shirley Crump told him on July 7 and 11, 2006, that he could not work on legal stuff and was charged with disobeying a direct order. As a result of the charges he was reprimanded by the disciplinary hearing officer for disobeying a direct order. He asserts that on July 28, 2006, he was fired from his job as an orderly in the education department in retaliation for attempting to exercise his constitutional rights.

*Ebersole v. Gonzales*, Civil Action No. CCB-06-2484 (D. Md. 2006) at Paper No. 14.

Plaintiff adds to the instant case a claim that he suffered retaliation as a result of filing Civil Action CCB-06-2484. *See* Paper No. 1 at p. 18. He claims that after the complaint was served on

---

[1] *See United States v. Booker*, 543 U.S. 220 (2005).

Warden Hollinsworth, Shirley Crump "exponentially increased the plaintiff's restitution amount from $40.00 per quarter to $207.00 per quarter." *Id*. The increase allegedly was not occasioned by an increase in plaintiff's income and he alleges it did not comply with the Judgment and Commitment order in his criminal trial which requires payment of restitution 60 days after he is released. *Id*. Despite those factors, plaintiff was allegedly forced to sign an IFRP contract agreeing to pay the increased amount. *Id*. He alleges if he had refused to sign the contract he would have jeopardized his ability to purchase legal supplies needed to defend himself and litigate his cases. *Id*.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia*

*Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

    "The party opposing a properly supported motion for summary judgment may not rest upon

mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is

a genuine issue for trial."  *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236,

240 (4th Cir. 1988).  The court has an obligation to ensure that factually unsupported claims and

defenses do not go to trial.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.

1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

### Analysis

    Defendants assert the instant complaint is subject to dismissal on grounds of *res judicata*.

Paper No. 17.  As previously noted, on September 25, 2006, plaintiff filed a civil rights action in this

court concerning these allegations. *See Ebersole v. Gonzales*, Civil Action No. CCB-06-2484 (D.

Md. 2006).   On March 16, 2007, this court granted summary judgment in favor of defendants

because plaintiff did not establish that defendants' failure to provide him access to the law library

on the dates he requested caused him actual injury.  *Id*.   The instant case was filed on October 16,

2006, naming several additional defendants but alleging the same cause of action based on the same

set of events, with the addition of one claim against Defendant Crump.  The instant cause of action seeks monetary damages. Plaintiff argues that *res judicata* does not apply where, as here, the parties are sued in their official capacity in one case and in their personal capacities in another.  Paper No. 33.  He explains that civil action CCB-06-2484 was a petition for writ of mandamus and for habeas corpus which sought injunctive relief from the defendants, namely transfer to another prison or release from confinement.

"To establish a *res judicata* defense, a party must establish:  (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits."  *Jones v. SEC,* 115 F.3d 1173, 1178 (4th Cir.1997).  "[T]he privity requirement assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved."  *Id.* at 1180.  For purposes of *res judicata* a government official sued in his or her official capacity does not necessarily stand in privity to him or herself when later sued in his or her personal capacity.  *See Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000).  This is "[b]ecause the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal-capacity suit, in which a plaintiff can seek a judgment against the official's personal assets."  *Id*.

Plaintiff asserts his previously-filed action was not a *Bivens* claim, but a petition for writ of habeas corpus, because he sought transfer to another facility or release from prison as a remedy. Whether or not the instant complaint is barred by *res judicata*, however, the merits of the access to courts claim remain unchanged.  Plaintiff has still failed to establish that he suffered an actual injury

as a result of the claimed actions by defendants.[2]   Accordingly, defendants, now sued in their individual capacities, are entitled to summary judgment in their favor on the access to courts claim for damages.

Plaintiff's claim of retaliation by defendants is equally unavailing.   Plaintiff claims virtually every action taken against him was an attempt by prison officials to retaliate against him for filing both administrative remedies and claims in court.   He alleges cell searches were conducted,  he was removed from a prison job, and legal material was confiscated from his cell.   Paper No. 33.   In addition, he seeks to amend the complaint to include other actions taken as evidence of retaliatory measures taken.   For example he points to his transfer to a federal medical center for heart surgery as a retaliatory measure and states he should have simply been sent to an outside Virginia hospital for the surgery.   *Id*.

To the extent plaintiff has been inconvenienced by the circumstances of his current confinement, those inconveniences did not discourage his prolific litigation.   The bald allegations raised are simply not enough to establish a claim of retaliation.   *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).   "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'"   *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *see Pierce v. King*, 918 F. Supp. 932, 943 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

---

[2] In spite of plaintiff's protests to the contrary, his ability to research legal issues and prepare documents for filing in this court does not appear to have been hindered.  He has filed and litigated two other civil actions in this court.  *See Ebersole v. United States of America Bureau of Alcohol, Tobacco, Firearms and Explosives*, Civil Action No. CCB-06-2219 (D. Md. 2007); and *Ebersole v. Gonzales et al.*, Civil Action No. CCB-06-2484 (D. Md. 2007).  In addition plaintiff has filed four cases in the Fourth Circuit Court of Appeals within the time frame relevant to this case.  *See United States v. Ebersole*, 06-7405 (4th Cir.2006); *United States v. Ebersole*, 07-6197 (4th Cir.2007); *United States v. Ebersole*, 07-6412 (4th Cir.2007); and *United States v. Ebersole*, 07-6931 (4th Cir.2007).

Plaintiff's claim that his restitution payments were improperly increased is without merit. Defendants explain that plaintiff's restitution and special assessments, which amount to more than $700,000, is due immediately, not 60 days after his release. Paper No. 17 at Ex. 2B. Under Bureau of Prison Program Statement 5308.08, plaintiff signed an agreement requiring him to pay $25.00 per quarter beginning September 30, 2005. The quarterly amount was adjusted to $40.00 in April of 2006 and adjusted again to $207.00 based on the amount of money that was in plaintiff's trust fund account. *Id.* Thus, there is a legitimate basis for the increased payments.

To the extent that plaintiff seeks to add new claims of retaliation, those claims must be dismissed for failure to exhaust administrative remedies. *See* Papers No. 13 and 15. Plaintiff seeks this court's intervention in retrieving property allegedly confiscated by prison staff. Paper No. 13. The additional claim was filed in this court on March 27, 2007, and the alleged confiscation took place on March 25, 2007. *Id.* Plaintiff also alleges he was denied proper medical care in retaliation for the instant complaint. Paper No. 15. He claims he was sent to a specialist for evaluation of aortic stenosis, but his medical records were not sent to the specialist for review. Plaintiff asserts the failure to provide those records was a deliberate attempt by Bureau of Prison doctors to mislead the specialist. Plaintiff admits the records were forwarded to the specialist after his appointment and, based on the examination and a review of the records, aortic valve replacement surgery was recommended. He claims he was denied the surgery on April 3, 2007, based on the cost of the procedure. *Id.* The pleading was filed one week after the alleged conversation and plaintiff did in fact subsequently receive the surgery recommended. *Id.*

The PLRA provides, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(emphasis supplied) 42 U.S.C. § 1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions.  It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim.  *See Porter v. Nussle*,  534 U.S. 516, 532 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).  The argument that pursuit of administrative remedies would be futile in the case is also of no consequence.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion is required regardless of the fact that the relief sought is unavailable through the administrative remedy procedure).  Further, exhaustion is mandatory, as the Court has explained: "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524.  Accordingly, plaintiff's amended claims cannot be pursued here for failure to exhaust administrative remedies.

A separate order follows.

___October 30, 2007___                                     _____/s/_____
Date                                                          Catherine C. Blake
                                                              United States District Judge

8